UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 1 3 2010

Clerk, U.S. District and
Bankruptcy Courts

)
In re [REDACTED]                    )
)
)        Misc. No. 10-38 (RCL)
)
_____ )

## ORDER

Upon consideration of the United States' Motion to Unseal [11], it is hereby

ORDERED that the motion is GRANTED; and it furthermore

ORDERED that the Clerk of the Court shall file the documents attached hereto, from

which petitioner's personal identifying information has been redacted; and it is furthermore

ORDERED that the Clerk of the Court shall unseal the portion of the docket containing

the redacted documents attached hereto; and it is furthermore

ORDERED that all previously filed, non-redacted documents shall remain under seal;

and it is furthermore

ORDERED that the United States' Motion for Access to the Docket [10] is terminated as

MOOT.

SO ORDERED this _16th_ day of December 2010.

Royce C. Lamberth

ROYCE C. LAMBERTH
Chief Judge
United States District Court

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 1 1 2010

Clerk, U.S. District and
Bankruptcy Courts

In the matter of:



```
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
```

Case: 1:10-mc-00038
Assigned To : Lamberth, Royce C.
Assign. Date : 1/11/2010
Description: miscellaneous

- - - - - - - - - - - - - -

Petitioner and Pro Se Filer
No accompanying Civil Action

PETITION AND MOTION
BEFORE THE MOTIONS COURT

and also

MEMORANDUM BY INCORPORATION

A. Introduction

1. Petitioner moves before the Court that a copy of a certain

Internal Revenue Service document known as Form 11369, described

more fully below, be filed under seal with the Clerk's Office.

This document is subject to redaction.

2. Petitioner now provides the Background for this request; and

then, under Rule 27 (Federal Rules of Civil Procedure), why, at

this time, I am currently unable to bring Civil Action; and then, a

1

approve such rewards now expanded as:

District/Service Center/Assistant Commissioner (International).

3. The Assistant Commissioner International at that time was John. T. Lyons, no longer with the IRS. About one month ago, I managed to speak with Mr. Lyons by telephone from here in Greece at his residence, near Washington, DC. He then spent about fifteen minutes on the telephone with me. He told me that he could not recall approving this reward; but he then also said that he may have been out of the country on international tax matters, and that his Deputy may have approved the reward.

4. Last March, 2009, I was in contact by telephone with:

```
Mrs. Symeria Rascoe         Ms. Marsha Matthews-Proctor
Tax Law Specialist          Criminal Investigation, FOIA Officer
Internal Revenue Service    Internal Revenue Service
Lanham, MD 20706            Washington, DC 20224
(202) 283-1931              (202) 622-8931
```

I had previously been in contact with Mrs. Rascoe by telephone and mail during the year 2000. Last March, Mrs. Rascoe then referred me to Ms. Matthews-Proctor. I inquired of Ms. Matthews-Proctor as to my quite old Form 11369, relevant to Bank One, and, in the space of one hour, she located it from the Criminal Investigation archives, but she could not give me the amount.

5. During the course of my conversation with Mr. Lyons, as

described above, he did ask me for the names, titles, addresses, and telephone numbers for Mrs. Rascoe and Ms. Matthews-Proctor, and he told me he would look into this further. I then gave him my e-mail address, but I have heard nothing since.

6. During the year 2000, after inquiry, I received a letter from Symeria Rascoe dated July 19, 2000. The letter did not contain specifics as to the reward itself, but it did contain photocopied excerpts from the Internal Revenue Manual, applicable at that time, Revision Date, 4/27/99. The title was Chapter 2, Informant Rewards, 8 paragraphs. Paragraph 4 was entitled Evaluation Report - Form 11369. Sub-paragraph 9 explained what to do with approved Forms 11369. Mrs. Rascoe checkmarked this sub-paragraph 9 with her pen. At that time, I was also on the telephone with Mrs. Rascoe, and she was orally more explicit. She told me that the Form 11369 was approved. She then added, "You're not going to get the runaround this time."

C. Inability to file Civil Action at this time.

1. For the past two months, I have been unable to locate counsel, preferably in the Washington, DC area, whether by Internet, e-mail, or fax. I trust that when the relevant document is under seal with the Clerk's Office, then my search for counsel may prove to be more successful.

2. Under Rule 27 (a)(1), I supply the following information:

a. I expect to file Civil Action as soon as I can locate counsel.

b. and c. The subject matter and the fact to be established is the amount of the reward.

d. The adverse party will be the IRS.

e. The Deponent should be Marsha Matthews-Proctor.

D. Discussion of Discovery particulars.

1. Here, a distinction could be made between the terms Discovery and Deposition, and the phrase, Production of Documents. With due consideration of Rule 34, sometimes, instead of entry, a document could merely be sent by return mail; or, if Ordered by the Court, filed with the Clerk's Office. Thus, oral or written testimony, the usual form of deposition, would not be needed.

2. I have shown due diligence in seeking cooperation with the proposed Deponent, Marsha Matthews-Proctor. Accordingly, during the morning hours of December 23, 2009, Washington time, I left the following recorded message with her voice mail, and by touch tone, marked it urgent. Here is the exact text of the recorded message:

"Ms. Matthews-Proctor, this is ▇▇▇▇▇▇ calling from overseas in Greece. I spoke with you last March about my Form 11369 which was finalized by the year 2000, which you were able to locate, and you provided me with some very limited information about it.

"After you referred me to Sheila Olander, Financil Crimes Unit,

she then referred me to the Whistleblower's Office. However, all they ever do is to quote a much later Form 211 that I was asked to file in 2006, and not my previous Form 211 of 1995, finalized by the year 2000.

"Since then, I have completed the FOIA administrative procedures with both your Lanham, Maryland office, and your Fresno, California appeals office. I am asking to be advised merely as to the dollar amount of the approved reward.

"However, they keep quoting the Whistleblower's Office reference to only the 2006 Form 211. Thus, unfortunately, it appears that my repeated request as to the 1995 Form 211 and the Form 11369 by the year 2000 is being deliberately evaded.

"Thus, I believe I can now file, even Pro Se, an FOIA case before the United States District Court for the District of Columbia. Under Discovery, I believe I can serve you with a request that a photocopy of the relevant Form 11369 be filed, under seal, with the Clerk's Office. My understanding is that the service would be performed, as they say, by a United States Marshal.

"I would like to give you my e-mail address, which is ███████████████ email all one word. I would appreciate a brief e-mail response, because, as you know, the Court prefers that the parties involved reach an understanding, before going to Court.

"So, this is my message. Thank you very much. Goodbye."

E. Allegation of Jurisdiction

1. Under LCvR 40.8 (b)(1), The Motions Judge may hear any petition of a civil nature not yet assigned.

2. Under 5 USC 552 (a)(3)(A), a general right to such government information exists.

3. Under 5 USC 552 (a)(6)(A), the administrative procedures have been exhausted. See Exhibits 4 through 7 inclusive.

4. Under 5 USC 552 (a)(4)(B), suit may then be brought before the United States District Court for the District of Columbia.

5. The exceptions under 5 USC 552 (b) usually do not apply, except for privileged information essential to agency duties. The exception under 26 USC 6103, often known as Section 6103, does not apply, because Form 11369, as well as Form 211, do not constitute return or return information.

F. Redaction

1. The following information from Form 11369 need not be redacted:

Title of Form:  Evaluation Report - Form 11369

Name of Informant:  [redacted]

Reward Recommendation:  $ _____

The Reward Recommendation is based upon:

Amount Recovered:  (redacted)

Recommended Percentage:  (redacted)

2. The copy of this Form could be by means of a photocopy, a printed copy from an electronic record, or other suitable means.

3. I completely waive my right of confidentiality.

- 8 -

G. Effect of new Whistleblower Program

1. 26 USC 7623(a) covers the existing program, in force for many years, under which I qualify. 26 USC 7623(b) authorizes the new program. Meanwhile, 26 CFR 7623-1(c), April 2009 issue, continues to be applicable to both programs, and it provides for prompt payment of the reward, after approval, which presumes notification of the amount of the reward.

H. Verification

1. I verify under penalty of perjury that the foregoing is true and correct.

Date: _DEC. 28, 2009_          Signed: ████████████

████████████
Petitioner, Pro Se



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
950 L'ENFANT PLAZA SOUTH, S.W.
**WASHINGTON, DC 20024**

NOV 1 1995



Dear █████████

    This letter is in response to your October 18, 1995
letter regarding the proper time to file Form 211, <u>Application</u>
<u>for Reward for Original Information</u>.  Please file a Form 211
with us at this time to enable us to determine and pay any
reward to which you are entitled.  Our address is:

           Attn: CP:IN:D:CI
           Internal Revenue Service
           Criminal Investigation Division
           950 L'Enfant Plaza, SW, Room 2223
           Washington, DC 20024

    Any reward will be paid as soon as possible after
collection of any applicable tax, fines, and penalties from
the party(ies) on which you provided information.

    Thank you for being of service to us.

           Sincerely,

           James J. Perry
           Group Manager
           Criminal Investigation Division

cc: Stephen H. Flesner CP:IN:D:C:D

EXHIBIT  1

Form **211**
(Rev. January 1993)
Department of the Treasury
Internal Revenue Service

### Application for Reward for Original Information

OMB Clearance No. 1545-0409
Expires 11/30/95

Claim Number

This application is voluntary and the information requested enables us to determine and pay rewards. We use the information to record a claimant's reward as taxable income and to identify any tax outstanding *(including taxes on a joint return filed with a spouse)* against which the reward would first be applied. We need social security numbers and dates of birth on this application in order to process it. Failure to provide the information requested may result in suspension of processing this application. Our authority for asking for the information on this form is 26 USC 6001, 6109, 6011, 7623, 7802, and 5 USC 301.

| Name of claimant | Date of Birth | | | Social Security Number |
|---|---|---|---|---|
| | Month | Day | Year | |
| | REDACTED | | | REDACTED |
| Name of spouse | Month | Day | Year | Social Security Number |
| Address, including ZIP code | | | | |

I am applying for a reward, in accordance with the law and regulations, for original information furnished, which led to the detection of a violation of the Internal Revenue laws of the United States and the collection of taxes, penalties, fines and forfeitures. I was not an employee of the Department of the Treasury at the time I came into possession of the information nor at the time I divulged it.

| Name of IRS employee to whom violation was reported | Title | Date violation reported (Month, day, year) |
|---|---|---|
| STEPHEN H. FLESNER | ACTING DISCLOSURE OFFICER | 4/12/94 & 6/5/95 |
| 450 L'ENFANT PLAZA SOUTH, S.W. WASHINGTON | | |

Name of taxpayer who committed the violation  (SEE ATTACHMENT)
FIRST ILLINOIS BANK
SUCCESSOR: BANC ONE CORP., COLUMBUS, OHIO

Address, including ZIP code
800 DAVIS ST., EVANSTON, IL 60201

Relative to information I furnished on the above named taxpayer, the Internal Revenue Service made the following payments to me or on my behalf:

| Date of Payment | Amount | Name of Person/Entity to Whom Payment Was Made |
|---|---|---|
| | | |

Under penalties of perjury, I declare that I have examined this application and my accompanying statements, if any, and to the best of my knowledge and belief they are true, correct, and complete. I understand the amount of any award will represent what the District or Service Center Director considers appropriate in this particular case.

NOVEMBER 16, 1995

| Signature of claimant | Date |
|---|---|

The following is to be completed by the Internal Revenue Service

**Allowance of Reward**

| District | Sum recovered | Amount of reward |
|---|---|---|
| | $ | |

In consideration of the original information that was furnished by the claimant named above, which concerns a violation of the internal revenue laws and which led to the collection of taxes, penalties, fines, and forfeitures in the sum shown above, I approve payment of a reward in the amount stated.

| Signature of Service Center Director | Date |
|---|---|

FOR PAPERWORK REDUCTION ACT NOTICE, PLEASE SEE THE BACK OF THIS FORM.

Cat. No. 16571S

EXHIBIT 2

Form 211 (Rev. 1-93)

| Form **211**<br>(Rev. June 1997)<br>Department of the Treasury<br>Internal Revenue Service | **Application for Reward for**<br>**Original Information** | OMB Clearance No. 1545-0409<br><br>Claim No.<br>(old) |
| --- | --- | --- |

This application is voluntary and the information requested enables us to determine and pay rewards. We use the information to record a claimant's reward as taxable income and to identify any tax outstanding (including taxes on a joint return filed with a spouse) against which the reward would first be applied. We need taxpayer identification numbers, i.e., social security number (SSN) or employer identification number (EIN), as applicable, in order to process it. Failure to provide the information requested may result in suspension of processing this application. Our authority for asking for the information on this form is 26 USC 6001, 6011, 6109, 7602, 7623, 7802, and 5 USC 301

| Name of claimant. If an individual, provide date of birth | Date of Birth<br>Month \| Day \| Year<br>REDACTED | Claimant's Tax Identification Number. SSN or EIN:<br>REDACTED |
| --- | --- | --- |
| Name of spouse (if applicable) | Date of Birth<br>Month \| Day \| Year | Social Security Number |

Address of claimant, including zip code, and telephone number (telephone number is optional)    Tel:

I am applying for a reward, in accordance with the law and regulations, for original information furnished, which led to the detection of a violation of the internal revenue laws of the United States and the collection of taxes, penalties, and fines. I was not an employee of the Department of the Treasury at the time I came into possession of the information nor at the time I divulged it.

| Name of IRS employee to whom violation was reported<br>James J. Perry<br>Office of Asst. Comm. Intl. | Title of IRS employee<br>Manager, C.I.D. | Date violation reported (Month/day/year)<br>September 5, 1996 |
| --- | --- | --- |

Method of reporting the information—check applicable box    [ ] Telephone    [x] Mail    [ ] In person

Name of taxpayer who committed the violation and, if known, the taxpayer's SSN or EIN

Katherine Diamantes

Address of taxpayer, including zip code if known

1503 Oak Avenue, Apt. 414, Evanston, IL 60201

Relative to information I furnished on the above taxpayer, the Internal Revenue Service made the following payments to me or on my behalf:

| Date of payment | Amount | Name of Person/Entity to Whom Payment was made |
| --- | --- | --- |
| — | — | |

Under penalties of perjury, I declare that I have examined this application and my accompanying statements, if any, and to the best of my knowledge and belief, they are true, correct, and complete. I understand the amount of any reward will represent what the District or Service Center Director considers appropriate in this particular case. I agree to repay the reward, or an appropriate percentage thereof, if the collection on which it is based is subsequently reduced.

| | August 22, 2000 |
| --- | --- |
| Signature of Claimant | Date |

The following is to be completed by the Internal Revenue Service

**Authorization of Reward**

| District/Service Center/Assistant Commissioner (International) | Sum recovered<br>$ | Amount of Reward<br>$ |
| --- | --- | --- |

In consideration of the original information that was furnished by the claimant named above, which concerns a violation of the internal revenue laws and which led to the collection of taxes, penalties, and fines in the sum shown above, I approve payment of a reward in the amount stated.

| Signature of the Service Center Director | Date |
| --- | --- |

MAIL COMPLETED FORM TO THE APPROPRIATE ADDRESS SHOWN ON THE BACK

Cat. No. 16571S                                      Form 211 (Rev. 6-97)

EXHIBIT 3

(COPY)



June 1, 2009

Ms. Marie Twarog
FOIA Disclosure Officer
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, DC 20224

Re: Bank One, Form 11369

Dear Ms. Twarog:

Last March, 2009, I was in contact with both Mrs. Symeria Rascoe, FOIA
Disclosure Officer, and Ms. Marsha Matthews-Proctor, FOIA Disclosure
Officer, Office of Criminal Investigation. At that time, Ms. Matthews-
Proctor confirmed to me by telephone as to the ongoing existence of a
Form 11369 relative to Bank One, and especially its predecessor, First
Illinois Corporation. Some years ago, Mrs. Rascoe also confirmed to me
by telephone that the Form 11369 was favorable on my behalf.

Last March, 2009, Ms. Matthews-Proctor then referred me to Ms. Sheila
Olander, Senior Analyst, Office of Criminal Investigation. Ms. Olander
then referred me to the IRS Whistleblower Office. However, this office
was then not very responsive. They indicated to me, in so many words,
that they could not locate the Form 11369 in question.

My understanding on this is that back in the year 2000, the Criminal
Investigation Division then forwarded this Form 11369 to the Compliance
Division. At that time, the law and regulations were such that at that
point, the review and judgment phase was totally completed, and that the
Compliance Division had to promptly issue a Letter 1136 to me showing
the correct amount, and then send the proper amount to me.

However, neither of these two steps ever happened, and it is my belief
that this was due to serious misconduct.

Thus, I now ask, under the Freedom of Information Act, if you could
advise me as to the correct amount in question. I believe that requests
to your office often are made under Section 6103, but, rather than
return or return information, I believe that this is a more general
request for information that I am required to receive under federal law.
I believe that you can send me this information to my P.O. Box 44
address as shown above, and which also appears on my Form 211 and
presumably my Form 11369.

Meanwhile, I would appreciate receiving any interim responses to my
U.S. fax telephone number, as shown above. Thank you.

Sincerely,
(signed)

EXHIBIT 4



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

June 22, 2009



Dear

This letter responds to your Freedom of Information Act (FOIA) request of June 1, 2009, received in our office on June 1, 2009.

You asked for information concerning the finalization of your Form 11369 referencing Bank One and its predecessor, First Illinois Corporation.

Your informant's claim which you submitted to the Internal Revenue Service, Ogden Utah office in 2006 was considered by the Informant's Claim Unit, but did not meet their criteria for a reward which was referenced in a letter sent to you in 2006.

In 2008 you contacted the Whistleblower Office with a request that your claim be reopened. You were informed by Whistleblower Office that you did not identify a federal tax issue upon which the IRS will take action, and the claim will not be reopened, therefore, we have no records in response to your request.

I have enclosed Notice 393 explaining your appeal rights.

If you have any questions please call Tax Law Specialist, Symeria Rascoe, ID #1000218120, at (202) 283-1931 or write to: Internal Revenue Service, HQ Disclosure Office (FOIA), NCFB, C2-235 – ATTN: S. Rascoe, 5000 Ellin Road, Lanham, MD 20706. Please refer to case number 50-2009-00880.

Sincerely,

Marie A. Twarog

Marie A. Twarog
Headquarters (HQ) Disclosure Manager

Enclosure

EXHIBIT 5



July 9, 2009

FOIA Appeals Office
Internal Revenue Service
5045 E. Butler Ave.
Mail Stop 55203
Fresno. CA 93727-5136

Re: FOIA Request 50-2009-00880 (Form 11369)

To the IRS:

I enclose a copy of my FOIA request of June 1, 2009, and your
adverse reply of June 22, 2009. The reply purports that the
responsive record does not exist.

I filed Form 211 with the IRS on November 16, 1995. The
assigned Claim Number is ███████████ After a period of time, the
errant taxpayer, Bank One, acting on behalf of a predecessor,
First Illinois Corporation, agreed to the assessment, and then
paid it. This means that by the year 2000, the associated Form
11369 was finalized by the Criminal Investigation Division, and
then forwarded to the Compliance Division.

The law and regulations at the time were such that the
Compliance Division was required to inform me of the amount of
the payment by means of Letter 1136, and then to pay it.
However, neither of these two steps ever happened.

Thus, I appeal that I be informed of the amount of the required
payment, as shown on the Form 11369 with my name on it.

Sincerely,

(signed)

EXHIBIT 6                    ████████████████

**Internal Revenue Service**
Appeals Office M/S 55203
5045 E Butler Ave
Fresno, CA 93727-5136

**Department of the Treasury**

**Person to Contact:**
Alexis Lindauer
Employee ID Number: 157545
Tel: (559) 253-4805
Fax: (559) 253-4890
**Refer Reply to:**
AP:FW:FRE:AGL
**In Re:**
Freedom of Information Act
**Disclosure Case Number(s):**
50-2009-00880

Date: OCT 0 8 2009



Dear 

This letter is in response to your appeals request dated 7/9/09 of Freedom of Information Act (FOIA) information. According to your letter you are appealing the response of 6/22/09 from the Disclosure Office of your request for information dated 6/1/09.

You requested for information concerning the finalization of your Form 11369 referencing Bank One and its predecessor, First Illinois Corporation.

The Lanham Disclosure Office researched your claim which you submitted to the IRS, Ogden Utah office in 2006. It was considered by the Informant's Claim Unit, and they found it did not meet their criteria for a reward which was reference in a letter sent to you in 2006. The Lanham Disclosure Office also discovered that you contacted the Whistleblower Office in 2008 to reopen your claim. You were then informed by the Whistleblower Office that you did not identify a federal tax issue in which the IRS would take action. Your claim was not reopened; therefore there were no records in response to your request.

We have reviewed the Disclosure Officer's response and have determined that the response was appropriate. We are satisfied that a reasonable search for records was performed and that no records were located which are responsive to your request.

The FOIA requires us to advise you of the judicial remedies granted in the Act. You may file a complaint in the United States District Court for the District in which you reside, or have your principal place of business, or in which the agency records are located, or in the District of Columbia.

Sincerely,

EXHIBIT 7

Donna DeWeese
Appeals Team Manager

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ███████████ ) <br> ) <br> **Petitioner** ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Case No. 1:10-mc-00038 (RCL)** <br><br> **UNDER SEAL** |

## ORDER DENYING PETITIONER'S PETITION AND MOTION BEFORE THE MOTIONS COURT

Petitioner, ███████████ in this miscellaneous action moves, pursuant to 5
U.S.C. § 552(a)(3)(A) (2006) and Rule 27 of the Federal Rules of Civil Procedure, to
compel the disclosure of a document—Form 11369—from the Internal Revenue Service
(IRS). Assuming *arguendo* that all administrative remedies required by 5 U.S.C. §
552(a)(6)(A) have been exhausted, petitioner is correct that he may file suit in this Court.
*Id.* § 552(a)(4)(B). This jurisdictional provision allows this Court to compel production of
requested documents "[o]n *complaint*." *Id.* (emphasis added). As petitioner has failed to
draft a complaint in compliance with Rule 8(a), has failed to commence a civil action by
filing that complaint in compliance with Rule 3, and has failed to serve either the United
States or the IRS, as required by Rules 4(i)(1) and 4(i)(2), petitioner's Motion must be
DENIED.

Perfection of service would not avail petitioner for a number of reasons. First,
Rule 27, allowing for perpetuation of testimony through deposition, is inapplicable to
petitioner's situation. Assuming *arguendo* that petitioner has complied with the five-part

petition requirements of Rule 27(a)(1), the Court may issue an order permitting the perpetuation of testimony if "the court is satisfied that the perpetuation of testimony may prevent a failure or delay of justice." *Biddulph v. United States*, 239 F.R.D. 291, 292 (D.D.C. 2007) (*quoting Kunimoto v. Lehman*, No. 96-MC-232-AER, 1996 WL 622094, at *2 (D.D.C. Oct. 16, 1996) (internal quotation marks omitted)). As petitioner is not facing the possible unavailability of a witness, nor the potential loss of information that he seeks, especially because the IRS has informed Petitioner it does not have the record he seeks, Rule 27 serves him no benefits. *See id.* (*quoting Kunimoto*, 1996 WL 622094, at *3).

Second, petitioner's reliance on 26 U.S.C. § 7623, offering whistleblowers the opportunity to receive monetary rewards for aiding in the discovery of tax delinquents, is misplaced. The text of the statute gives the Secretary of the Treasury discretion to authorize monetary awards for such aid when not currently authorized by law. *See id.* § 7623(a). The implementing regulation, 26 C.F.R. § 301.4623-1(c) (2009), tracks this language of discretion, noting that "all relevant factors . . . will be taken into account by [an authorized agency representative] in determining *whether a reward will be paid*, and if so, the amount of the award" (emphasis added). The IRS notified petitioner that such a determination—that his claim did not meet the agency's criteria for an award—had been made. (Pet'r's Mot. Ex. 5.)

Finally, petitioner's claim of rights under the administrative rules set forth in 5 U.S.C. § 552, are without merit. The agency, when responding to a request such as petitioner's, "shall provide the record in any form . . . if the record is readily reproducible by the agency . . . ." *Id.* § 552(a)(3)(B). The IRS notified petitioner promptly that "a

2

reasonable search for records was performed and that no records were located which are responsive to [his] request." (Pet'r's Mot. Ex. 7.) Thus, the duties owed to petitioner have been met.

For the foregoing reasons then, perfecting service of process would be of little use to petitioner. Accordingly, it is ORDERED that petitioner's Motion is hereby DENIED.

SO ORDERED.

January 21, 2010

_____/s/_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

In the matter of:                    )
                                     )
███████████████                      ) Misc. Case No. 1:10-mc-00038 (RCL)
                                     )
Petitioner, Pro Se                   )

## MOTION FOR CM/ECF PASSWORD

1. Under Local Rules of the Court LCvR5.4(b)(2), Petitioner moves that an ECF login name and password be granted, only for this Miscellaneous Case. My PACER login name is ████████ and I would especially be interested in the QUERY feature to review the docket entries for this case, which the PACER system otherwise indicates is sealed against the public.

2. Although this is a Miscellaneous Case, it is, of course, already open, and if it were necessary for me to file another document, the mail between ███████ and the United States can otherwise take more than one week to go through.

3. The training course, available on the Internet, unfortunately requires an ECF login name and password already assigned, and then can be completed. Meanwhile, I have reviewed the Attorney software document, 34 pages, and the ECF Users Manual, 65 pages, and have saved them offline.

Date ___1/25/2010___      Signed   ████████████████████
                                   ████████████████████
                                                    Petitioner, Pro Se

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

In the matter of:                )
                                 )
                                 ) **Misc. Case No. 1:10-mc-00038 (RCL)**
                                 )
Petitioner, Pro Se               )

**ORDER**

Motion by Petitioner for an ECF login name and password is
hereby granted, for this Miscellaneous Case only.

Dated:                          **JUDGE ROYCE C. LAMBERTH
                                CHIEF JUDGE**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the matter of:                )
                                 )
███████████████                  ) Misc. Case No. 1:10-mc-00038 (RCL)
                                 )
Petitioner, Pro Se               )

## SUPPLEMENTARY MEMORANDUM

1. In accordance with Federal Rule of Civil Procedure 27(a)(2), Petitioner is proceeding with serving a notice to the expected adverse party, the Internal Revenue Service. Since this is not at present a civil action, Rule 4(d)(2)(B) apparently allows such notice to be made by fax. A copy of the cover letter for this faxed notice is attached as Exhibit A.

2. As otherwise implied by Rule 30(f)(4) and Rule 31(c)(2), it would appear that the proposed deponent should notify the Petitioner when the sealed document is filed with the Clerk.

3. It is also my understanding that the sealed document can only be subsequently opened by Order of the Court.

Date  1/25/2010      Signed  ___████████████████___

                     ___████████____ Petitioner Pro Se



January 25, 2010

Office of the Chief Counsel
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, DC ~~20001~~ 20224

To the IRS:

This is with regard to Miscellaneous Case No. 1:10-mc-00038 that I have filed with the United States District Court for the District of Columbia. I have filed as Petitioner, Pro Se, No Accompanying Civil Action. It is my understanding that in accordance with Federal Rule of Civil Procedure 27(a)(2), I am to herewith serve you with this notice, as apparently allowed by fax, Rule 4(d)(2)(B).

Thus, please find enclosed, a copy of: Petition, Motion, and Memorandum; Proposed Order; and seven referenced Exhibits, organized in proper order.

It is also my understanding that after the requested redacted document is filed under seal with the Clerk, it may thereafter be opened only by Order of the Court.

Sincerely,

EXHIBIT  A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR - 3 2010

U.S. DISTRICT COURT

§
§
§
In re █████████      §      Misc. No. 10-38 (RCL)
§      UNDER SEAL
§
§
§

## ORDER

The Clerk of Court is directed to provide the petitioner ███████████

with a copy of its January 21, 2010 order by mail to:



**SO ORDERED** this 3rd day of March 2010.

ROYCE C. LAMBERTH
Chief Judge
United States District Court

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the matter of:              )
                               )
████████████████              ) Misc. Case No. 1:10-mc-00038 (RCL)
                               )
Petitioner, Pro Se            ) UNDER SEAL
                               )

## MOTION FOR RELIEF

1. Under Rule No. 60(b)(6) of the Federal Rules of Civil
Procedure, Petitioner moves for relief as follows:

2. The Order of 1/21/2010 consists of an introductory
paragraph denying my original Petition and Motion of
12/28/2009, and then there are three more paragraphs with
three reasons why a Civil Action would be unwise.

3. The introductory paragraph describes my Motion, "to
compel the disclosure of a document". However, I moved
for the filing of this document under seal with the Clerk,
to be unsealed only at the discretion of the Court. Thus,
the references to Rules 3, 4(i), and 8(a) are irrelevant,
and the language "to compel the disclosure of a document" is a
mistake. Disclosure could only occur if there were a later
unsealing by Order of the Court. The three subsequent negative
paragraphs then begin by referring to an expected Civil Action
as a "perfection of service".

4. In my original Petition and Motion of 12/28/2009, within
D.2, I refer to two Forms 211, the first as of 1995, and the
second one as of 2006. This can stand further clarification.
So, I attach:

Form 211 as of November, 1995   -   Exhibit 1.
Form 211 dated September, 2004   -   Exhibit 2.

Here is the clarification: as to the first Form 211, I
eventually provided additional, satisfactory information in
September, 1996, and only then was an associated Form 11369
commenced. As to the second Form 211, I, of course, did not
repeat the additional information, and so according to the
Internal Revenue Manual, a new Form 11369 was never commenced,
and so it never existed. Next, I had sent this second Form
211 of September, 2004 to the IRS Cincinnati office. There
was no further word until the earlier part of 2006, when the
Cincinnati office notified me that this Form 211 was being
forwarded to an IRS Ogden, Utah office, and then it was denied
later in 2006. Since a second Form 11369 was therefore never
commenced, this is why they keep saying that that type of
Form 11369 does not exist; but the earlier one does.

5. Now, I comment on Biddulph v. United States, 1:06-mc-00374.
The references to Kunimoto v. Lehman and Penn Mutual v. United
States merely seem to nominally affirm the language of Rule

27(a)(3), perpetuation of testimony so as to prevent a failure or delay of justice. However, it is rather clear that Biddulph was essentially doing what might be referred to as exploratory shopping, and so an urgency did not appear to exist.

6. However, a review of my administrative process with the IRS, Exhibits 4 through 7 shows rather clearly that each time I referred to the first Form 211, they repeatedly and deliberately switched the reference to the second Form 211, for which it is evident that no corresponding Form 11369, for that Form 211, existed. I believe that there is thereby ample evidence here that misconduct is repeatedly taking place, and so an urgency to perpetuate the evidence, in the very restrictive manner that I describe, clearly exists.

7. All of this means that the second and third negative paragraphs that I refer to above unfortunately overlook completely the misconduct that is now taking place.

8. Thus, Petitioner once again Moves for the Relief amply described in the original Petition and Motion of 12/28/2009.

Date: 3/16/2010    Signed: _____

                                          Petitioner, Pro Se

| Form **211** (Rev. January 1993) Department of the Treasury Internal Revenue Service | **Application for Reward for Original Information** | OMB Clearance No. 1545-0409 Expires 11/30/95 |
|---|---|---|
| | | Claim Number |

This application is voluntary and the information requested enables us to determine and pay rewards. We use the information to record a claimant's reward as taxable income and to identify any tax outstanding *(including taxes on a joint return filed with a spouse)* against which the reward would first be applied. We need social security numbers and dates of birth on this application in order to process it. Failure to provide the information requested may result in suspension of processing this application. Our authority for asking for the information on this form is 26 USC 6001, 6109, 6011, 7623, 7802, and 5 USC 301.

| Name of claimant | Date of Birth | | | Social Security Number |
|---|---|---|---|---|
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | Month ● | Day ● | | ▓▓ ▓ ● ▓ |
| Name of spouse | Date of Birth | | | Social Security Number |
| | Month | Day | Year | |
| Address, including ZIP code | | | | |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | | | | |

I am applying for a reward, in accordance with the law and regulations, for original information furnished, which led to the detection of a violation of the Internal Revenue laws of the United States and the collection of taxes, penalties, fines and forfeitures. I was not an employee of the Department of the Treasury at the time I came into possession of the information nor at the time I divulged it.

| Name of IRS employee to whom violation was reported | Title | Date violation reported *(Month, day, year)* |
|---|---|---|
| STEPHEN H. FLISNER 750 L'ENFANT PLAZA SOUTH, SW, WASHINGTON | A.TING DISCLOSURE OFFICER | 11/10/94 & 8/5/95 |
| Name of taxpayer who committed the violation | | |
| FIRST ILLINOIS BANK SUCCESSOR: BANC ONE CORP., COLUMBUS OHIO | | (SEE ATTACHMENT) |
| Address, including ZIP code | | |
| 800 DAVIS ST., EVANSTON IL 60201 | | |

| Relative to information I furnished on the above named taxpayer, the Internal Revenue Service made the following payments to me or on my behalf: | | |
|---|---|---|
| Date of Payment | Amount | Name of Person/Entity to Whom Payment Was Made |
| | | |

Under penalties of perjury, I declare that I have examined this application and my accompanying statements, if any, and to the best of my knowledge and belief they are true, correct, and complete. I understand the amount of any award will represent what the District or Service Center Director considers appropriate in this particular case.

| | NOVEMBER 16, 1995 |
|---|---|
| Signature of claimant | Date |

**The following is to be completed by the Internal Revenue Service**

**Allowance of Reward**

| District | Sum recovered | Amount of reward |
|---|---|---|
| | $ | |

In consideration of the original information that was furnished by the claimant named above, which concerns a violation of the internal revenue laws and which led to the collection of taxes, penalties, fines, and forfeitures in the sum shown above, I approve payment of a reward in the amount stated.

| Signature of Service Center Director | Date |
|---|---|
| | |

FOR PAPERWORK REDUCTION ACT NOTICE, PLEASE SEE THE BACK OF THIS FORM.

Cat. No. 16571S

*EXHIBIT 1*

Form **211** (Rev. 1-93)

<table>
<tr><td>

**Form 211**
(Rev. January 1993)
Department of the Treasury
Internal Revenue Service

</td><td>

# Application for Reward for
# Original Information

</td><td>

OMB Clearance No. 1545-0409
Expires 11/30/95

Claim Number

</td></tr>
</table>

This application is voluntary and the information requested enables us to determine and pay rewards. We use the information to record a claimant's reward as taxable income and to identify any tax outstanding *(including taxes on a joint return filed with a spouse)* against which the reward would first be applied. We need social security numbers and dates of birth on this application in order to process it. Failure to provide the information requested may result in suspension of processing this application. Our authority for asking for the information on this form is 26 USC 6001, 6109, 6011, 7623, 7802, and 5 USC 301.

| Name of claimant | Date of Birth | | | Social Security Number |
| --- | --- | --- | --- | --- |
| ▮▮▮▮▮▮▮▮▮▮▮▮ | Month ▮ | Day ▮ | Year | ▮▮ - ▮▮ |
| Name of spouse | Date of Birth | | | Social Security Number |
| | Month | Day | Year | |

Address, including ZIP code
▮▮▮▮▮▮▮▮▮▮▮▮

    I am applying for a reward, in accordance with the law and regulations, for original information furnished, which led to the detection of a violation of the Internal Revenue laws of the United States and the collection of taxes, penalties, fines and forfeitures. I was not an employee of the Department of the Treasury at the time I came into possession of the information nor at the time I divulged it.

| Name of IRS employee to whom violation was reported | Title | Date violation reported *(Month, day, year)* |
| --- | --- | --- |
| JAMES J. PERRY, OFFICE OF ASST. COMMISSIONER INTERNATIONAL, - BY MAIL | MANAGER C I D | SEPT. 5, 1996 |

Name of taxpayer who committed the violation
FIRST ILLINOIS CORPORATION, SUCCESSOR, BANK ONE CORPORATION
36-2759796           31-0738296

Address, including ZIP code   800 DAVIS ST., EVANSTON, IL 60201
LATER, ONE BANK ONE PLAZA, CHICAGO, IL 60670

Relative to information I furnished on the above named taxpayer, the Internal Revenue Service made the following payments to me or on my behalf:

| Date of Payment | Amount | Name of Person/Entity to Whom Payment Was Made |
| --- | --- | --- |
| | | |

    Under penalties of perjury, I declare that I have examined this application and my accompanying statements, if any, and to the best of my knowledge and belief they are true, correct, and complete. I understand the amount of any award will represent what the District or Service Center Director considers appropriate in this particular case.

| ▮▮▮▮▮▮▮▮ | SEPTEMBER 3, 2004 |
| --- | --- |
| Signature of claimant | Date |

## The following is to be completed by the Internal Revenue Service

### Allowance of Reward

| District | Sum recovered $ | Amount of reward |
| --- | --- | --- |

    In consideration of the original information that was furnished by the claimant named above, which concerns a violation of the internal revenue laws and which led to the collection of taxes, penalties, fines, and forfeitures in the sum shown above, I approve payment of a reward in the amount stated.

| Signature of Service Center Director | Date |
| --- | --- |

FOR PAPERWORK REDUCTION ACT NOTICE, PLEASE SEE THE BACK OF THIS FORM.

EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In the matter of:          )
                           )
█████████████████          ) Misc. Case No. 1:10-mc-00038 (RCL)
                           )
Petitioner, Pro Se         ) UNDER SEAL
                           )

## SUPPLEMENTAL MOTION FOR RELIEF
### AND
## MOTION FOR PROTECTIVE ORDER

1. As a supplement to my Motion for Relief of Tuesday, March 16, 2010, in addition to the reference to Rule 60(b)(6), I also refer to Rule 60(b)(1) of the Federal Rules of Civil Procedure: mistake, inadvertance, or excusable neglect, and thereby Move for Relief in this manner as well.

2. Since I am filing Pro Se, without benefit of counsel, on Thursday, March 18, 2010, I carefully reviewed the provisions of Rule 26(c)(1)(F): requiring that a deposition be sealed and opened only on court order. Petitioner thus also Moves for a Protective Order in this manner as well.

3. This means that Disclosure cannot possibly take place unless I file Civil Action, FOIA, later on; and even then, only if the Court so Orders.

4. Petitioner also reaffirms that in my Petition of December 28, 2009, as indicated in D.2, I did attempt to confer with the

proposed Deponent.

5. Petitioner also reaffirms, as indicated in B.4 and B.6, the IRS did notify me, either by mail or by telephone, that the earlier, favorable Form 11369 DOES exist.

Date: 3/18/2010      Signed: ████████████████████

████████████ Petitioner, Pro Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In the matter of:                    )
                                     )
████████████████                     ) Misc. Case No. 1:10-mc-00038 (RCL)
                                     )
Petitioner, Pro Se                   ) UNDER SEAL
                                     )

PROOF OF SERVICE
AND
RELATED DISCUSSION OF SERVICE

1. PROOF OF SERVICE

   a. The attached copy of letter of March 19, 2010 provides
   proof of service as to two recent Court filings.

   b. Rule 5(b)(2)(A) allows for HANDING the paper, or, (B)(i)
   LEAVING the paper, and Petitioner alleges that this may include
   fax machine facilities therein; and the Office of Chief Counsel
   does have a page at www.irs.gov displaying the fax telephone
   number of (202) 622-4277.

   c. Rule 4(c)(3) could allow for service by United States
   Marshal, especially if there is misconduct.

2. RELATED DISCUSSION OF SERVICE AND OPPOSITION

   a. For oral deposition, Rule 30(b)(6) does include a government
   agency, and the only Opposition would be under Rule 30(d)(3),
   which does allow for a Protective Order, which Petitioner already
   acknowledges, Rule 26(c)(1)(F).

   b. For written questions, Rule 31(a)(4) does include a government
   agency, and Rule 32(d)(3)(C) allows for a similar, limited
   Opposition.

   c. Otherwise, a future, actual FOIA Civil Action would be
   synonymous with Rule 27 here, and that cannot be the intention.
   Moreover, disclosure under Rule 27 here CANNOT take place without
   such future Civil Action later on.

Date: 3/22/2010   Signed: _____████████████████████_____

                           ████████████████ Petitioner, Pro Se



March 19, 2010

Office of the Chief Counsel
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, DC 20224

Re: Misc. Case 1:10-mc-00038 (RCL) SEALED
    U.S. District Court, District of Columbia

To the IRS:

   Notice is hereby served as to my following two filings as follows:

1. MOTION FOR RELIEF
   redacted  -  3/16/2010  -  5 pages attached

2. SUPPLEMENTAL MOTION FOR RELIEF and
   MOTION FOR PROTECTIVE ORDER  -  3/18/2010  -  3 more pages
                                                 attached

   Since there is no civil action, summons, or complaint, I believe
that service in this manner by fax is satisfactory.

                              Sincerely,

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the matter of:      )
                          )
                          ) Misc. Case No. 1:10-mc-00038 (RCL)
                          )
Petitioner, Pro Se     ) UNDER SEAL
                          )

### PROOF OF SERVICE
### ADDITIONAL BRIEF DISCUSSION
### ONE PAGE ONLY

1. The language of Rule 27(b) creates the difficulty that
Rule 4(i) deals completely with a summons and a complaint,
although here there is no summons and there is no complaint,
but one may yet cope.

2. The attorney for the proposed deponent is in fact the IRS Chief
Counsel, and they both have offices in the same federal building,
1111 Constitution Avenue, NW. Note that if the IRS were also to
be served, it is the same person, the IRS Chief Counsel.

3. Rule 4(i)(3) in turn keys in to Rule4(e) (otherwise the IRS Chief
Counsel) and Rule 4(e)(2)(B) in turn may well allow for LEAVING the
Petition with the staff member who does monitor the fax machine
facilities, and the www.irs.gov website does have a separate page
for the IRS Chief Counsel displaying the fax telephone number of
(202) 622-4277.

4. Since, under the circumstances, the United States Attorney for
the District of Columbia has not yet been able to make a Court
appearance, my subsequent filings as well to the above fax
telephone number may well completely satisfy Rule 5(b).

5. Rule 4(i)(4)(B) may well allow Petitioner 120 days from
December 28, 2009 to send the original Petition by registered
mail to the United States Attorney for the District of Columbia,
and the Attorney General of the United States.

Date: 3/22/2010       Signed: _____

                                          Petitioner, Pro Se

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

IN THE MATTER OF:          )
                           )
███████████████            )     No. 10-mc-00038 (RCL)
                           )
            Petitioner.    )

## NOTICE OF APPEARANCE AND REQUEST FOR NOTICE

Please enter the appearance of Katherine M. Walker as counsel for the United

States in the above-captioned miscellaneous proceeding.

Dated: April 20, 2010

RONALD C. MACHEN
United States Attorney

JOHN A. DiCICCO
Acting Assistant Attorney General

/s/ Katherine M. Walker
KATHERINE M. WALKER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 307-6528
Facsimile: (202) 514-6866
Email: Katherine.M.Walker@usdoj.gov

**RECEIVED**

APR 2 0 2010

Clerk, U.S. District and
Bankruptcy Courts

## CERTIFICATE OF SERVICE

I certify that the foregoing NOTICE OF APPEARANCE was filed with the Court on

April 20, 2010, and service of the same was made via priority mail addressed to the

following:



/s/ _Katherine M. Walker_
KATHERINE M. WALKER

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

IN THE MATTER OF:                           )
                                            )
▰▰▰▰▰▰▰▰▰▰▰▰                                 )       No. 10-mc-00038 (RCL)
                                            )
                    Petitioner.             )

## UNITED STATES' MOTION FOR ACCESS TO THE DOCKET
## AND FOR ITS COUNSEL TO RECEIVE A
## COPY OF ALL DOCUMENTS FILED

The United States moves this Court for access to the sealed docket, for its

undersigned counsel to receive a copy of all documents filed in this miscellaneous

action and in support states the following:

1. The petitioner filed this miscellaneous proceeding and faxed a copy of an

unsigned petition with exhibits to the Internal Revenue Service.

2. The petitioner seeks to compel the Service to produce documents and seeks an

order pursuant to Fed. R. Civ. P. 27 allowing the deposition of an IRS employee.

3. The entire docket of this proceeding is under seal.

4. The United States cannot view any documents filed in this proceeding and

determine whether the Court scheduled any hearings on the matter.

5. The United States cannot adequately defend its interest without being

permitted to view the docket and receive copies of the documents the petitioner filed

against the United States.

Wherefore, the United States requests the Court grant its undersigned counsel

access to the docket and forward a copy of all documents filed in this proceeding to its

undersigned counsel.

Dated: April 22, 1010

Respectfully submitted,

RONALD C. MACHEN
United States Attorney

JOHN A. DiCICCO
Acting Assistant Attorney General

KATHERINE M. WALKER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6528
Facsimile: (202) 514-6866
Email: Katherine.M.Walker@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing MOTION FOR ACCESS TO THE DOCKET AND FOR

UNDERSIGNED COUNSEL TO RECEIVE A COPY OF ALL DOCUMENTS FILED was

filed with the Court on April 22, 2010, and service of the same was made via mail

addressed to the following:



KATHERINE M. WALKER

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

IN THE MATTER OF:                )
                                 )
██████████████████               )     No. 10-mc-00038 (RCL)
                                 )
            Petitioner.          )

## UNITED STATES' MOTION TO UNSEAL

The United States moves the Court to unseal this miscellaneous proceeding and

in support states the following:

1. The petitioner filed this miscellaneous proceeding and faxed a copy of an

unsigned petition with exhibits to the Internal Revenue Service.

2. The petitioner seeks to compel the Service to produce documents and seeks an

order pursuant to Fed. R. Civ. P. 27 allowing the deposition of an IRS employee.  The

petitioner alleges jurisdiction under the Freedom of Information Act (FOIA), 5 U.S.C. §

552.

3. The entire docket is under seal, preventing the United States from viewing

any documents filed in this proceeding.

4. The petitioner's personal identifying information should be redacted from the

documents filed in this proceeding and the docket should be unsealed.  The starting

point for determining whether to unseal a case is a strong presumption in favor of

public access. *E.E.O.C. v. Nat'l Children's Ctr*, 98 F.3d 1406, 1409 (D.C.Cir. 1996).  The

only factors which can overcome the presumption of public access are the following: (1)

the need for public access to the documents; (2) the extent of previous public access to

the documents; (3) the fact that someone has objected to disclosure and the identity of

that person; (4) the strength of any property or privacy interests; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *United States v. Hubbard*, 650 F.2d 293 (D.C.Cir. 1980). None of these factors are dispositive and should be weighed in a balancing test. *See United States ex rel. Schweizer v. Oce, N.V.*, 577 F.Supp.2d 169, 177 (D.D.C. 2008) (holding documents should be unsealed when three factors weigh in favor and none against unsealing).

5. In this case, the general public interest in access to judicial proceedings outweighs any potential harm to the petitioner as a result of unsealing the proceeding. The petitioner previously filed cases in this district related to the underlying events, and the memorandum opinions issued by the Court in the prior cases are a matter of public record.[1] To the extent a valid concern for potential harm exists, redacting petitioner's personal identifying information from all documents filed sufficiently protects against any such harm. The petitioner cannot overcome the strong presumption in favor of public access to judicial proceedings, and the United States requests the Court unseal the current proceeding.

---

[1] Petitioner filed numerous complaints under the Freedom of Information Act (FOIA), 5 U.S.C. § 522 relating to the underlying events. *See* ████████████████████████████████████
████████████████████████████████████████

Wherefore, the United States' requests the Court unseal this miscellaneous proceeding.

Dated: April 22, 2010

Respectfully submitted,

RONALD C. MACHEN
United States Attorney

JOHN A. DiCICCO
Acting Assistant Attorney General

KATHERINE M. WALKER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6528
Facsimile: (202) 514-6866
Email: Katherine.M.Walker@usdoj.gov

CERTIFICATE OF SERVICE

I certify that the foregoing MOTION TO UNSEAL was filed with the Court on April

22, 2010, and service of the same was made via mail addressed to the following:



KATHERINE M. WALKER

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

APR 2 2 2010

U.S. DISTRICT COURT

In re ███████████ )
)
)
)
)
)                    **Misc. No. 10-38 (RCL)**
)                    **UNDER SEAL**
)
)
)

**ORDER**

Upon consideration of petitioner ███████ renewed motion for relief [Dkt.

6], petitioner's Supplemental Motion for Relief and Motion for Protective Order [Dkt. 7]

and the Court's January 21, 2010 Order Denying Petitioner's Petition and Motion Before

the Motions Court, it is hereby

ORDERED that petitioner's motions are DENIED.

The Clerk of Court is directed to provide the petitioner ███████ with a

copy of this order by mail to:



SO ORDERED.

_Royce C. Lamberth_
Chief Judge
United States District Court
District of Columbia

4/22/10
Date

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

IN THE MATTER OF:          )
                                     )
                                     )    No. 10-mc-00038 (RCL)
              Petitioner.       )

## UNITED STATES' MOTION TO DISMISS
## THE PETITION TO PERPETUATE TESTIMONY

The United States of America moves this Court to dismiss the petition to

perpetuate testimony pursuant to Fed. R. Civ. Proc. 12(b)(5) and (6) on the grounds that

the petition fails to state a claim upon which relief can be granted and the petitioner

failed to properly effect service.

The United States is submitting a memorandum of law in support of this motion.

Wherefore, it is prayed that this motion be granted.

Dated: June 17, 2010

                                   RONALD C. MACHEN
                                   United States Attorney

                                   JOHN A. DiCICCO
                                   Acting Assistant Attorney General

                                   KATHERINE M. WALKER
                                   Trial Attorney, Tax Division
                                   U.S. Department of Justice
                                   Post Office Box 227
                                   Washington, D.C. 20044
                                   Telephone: (202) 307-6528
                                   Facsimile: (202) 514-6866
                                   Email: Katherine.M.Walker@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing UNITED STATES' MOTION TO DISMISS THE

PETITION TO PERPETUATE TESTIMONY, MEMORANDUM OF LAW IN SUPPORT,

and proposed ORDER were filed with the Court on June 17, 2010, and service of the same

was made via mail addressed to the following:



KATHERINE M. WALKER

FILED

JUN ᵢ 7 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DISTRICT OF COLUMBIA

IN THE MATTER OF: )
)
███████████████ )
) No. 10-mc-00038 (RCL)
Petitioner. )

## UNITED STATES' MEMORANDUM OF LAW IN SUPPORT
## OF ITS MOTION TO DISMISS

███████████████ etitions under Fed. R. Civ. P. 27 seeking to compel the

Internal Revenue Service to produce a document and to perpetuate testimony of an

Internal Revenue Service employee. The United States moves to dismiss the petition

pursuant to Fed. R. Civ. P. 12(b)(5) and (6).

### QUESTIONS PRESENTED

1. To prevail on a motion to perpetuate testimony under Fed. R. Civ. Proc. 27, a

petitioner must establish: (1) a present inability to bring suit; (2) an imminent risk

testimony will be lost; and (3) that the testimony is important and should be preserved.

The petitioner admits he can presently bring a FOIA suit and makes no contentions the

testimony he seeks will be lost and is essential. Should the petition be dismissed for

failure to state a claim upon which relief can be granted?

2. Under Fed. R. Civ. P. 27, a petitioner must serve the petition and a hearing

notice in accordance with Fed. R. Civ. P. 4. To properly serve the United States, Rule 4

requires service by registered or certified mail. The petitioner sent the petition through

facsimile and regular mail. Should the petition be dismissed for failure to effect proper

service?

## STATEMENT OF THE CASE

This is a miscellaneous proceeding to obtain discovery prior to filing a civil action. ███████commenced this proceeding by filing a petition under Fed. R. Civ. P. 27 and faxed a copy of an unsigned petition to the Internal Revenue Service. The entire docket of the proceeding was placed under seal, preventing the United States from determining when██████████iled the petition. The United States filed a motion to unseal the docket and a motion for its counsel to receive a copy of all documents filed in this proceeding. Subsequently,██████████iled a signed copy of the petition, dated December 28, 2009, to the United States Attorney for the District of Columbia and the United States Attorney General. The United States' motions are still pending, and the United States assumes the petition██████████filed with the Court is identical to the petitions he sent to the Government.

██████████ames Marsha Matthews-Proctor, an Internal Revenue Service employee, as the potential deponent and seeks testimony related to the amount of an informant reward he believes was approved by the Internal Revenue Service. (Pet. ¶ C(2).) The unsigned petition██████████faxed to the Internal Revenue Service included a proposed order limiting the relief requested to compelling the Service to produce a document and file it with the Court.██████████ntends to bring suit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and attached as exhibits the FOIA request he made to the Service and his administrative appeal. (Pet. ¶ A(2); Exs. 4-7.)

# ARGUMENT

Rule 27 allows a party to "perpetuate" testimony that would be lost before the party could bring suit. *See Penn Mutual*, 68 F.3d at 1374. The Rule is not a license to conduct pre-litigation discovery. *See In re Boland*, 79 F.R.D. 665, 668 (D.D.C. 1978). "The case law makes clears that 'perpetuation' means the perpetuation of *known* testimony, and that the rule may not be used as a substitute for discovery to determine whether a cause of action exists." *See In re Checkosky*, 142 F.R.D. 4, 7 (D.D.C 1992).

To maintain an action under Rule 27, the petitioner must satisfy the following requirements: (1) demonstrate that he expects to bring an action cognizable in the federal courts, but cannot currently do so; (2) explain the subject matter of the expected action; (3) describe the facts he intends to establish through the desired testimony and the reasons for needing to perpetuate that testimony; (4) identify the adverse parties in the expected action and the parties to be deposed; and (5) serve the petition in accordance with applicable rules. Fed. R. Civ. P. 27(a)(1)-(2). To prevail, the petitioner must show that "the perpetuation of the testimony may prevent a failure or delay of justice . . ." *Id.* at § (a)(3). █████████ has not made the requisite showing, and his petition should be dismissed.

## I. The Petition Should be Dismissed Because █████████ ailed to State a Viable Claim to Perpetuate Testimony

A Rule 27 petitioner must make a particularized showing that relief is warranted. *See Penn Mutual*, 68 F.3d at 1375; *Checkosky*, 142 F.R.D. at 7-8█████ petition falls short of this showing because the petition fails to meet the essential requirements of

Rule 27: (1) that he is unable to bring suit, (2) there is an imminent risk that testimony

will be lost, and (3) the testimony is important and should be preserved. Fed. R. Civ. P.

27(a)(1); *Penn Mutual*, 68 F.3d at 1373. Additionally ████████ ition should be

dismissed because he improperly seeks to obtain discovery through Rule 27.

A ████████ Has Not Shown Inability to Bring Suit

████████ tition fails to show a present inability to bring suit. Failure to

demonstrate a present inability to bring suit is fatal to a Rule 27 petition. *See* Fed. R.

Civ. P. 27(a)(1); *Kelly v. Whitney*, No. 98-30, 1998 WL 877625, at * 2 (D. Or. Oct. 27, 1998).

████████ lleges he is unable to bring a FOIA suit because he cannot find local

counsel. However, he also alleges that he believes he can file a FOIA complaint, "even

pro se" and demonstrated that he exhausted the administrative procedures before filing

suit. (Pet. ¶ D(2); Exs. 4-7.) Therefore ████████ ailed to show a present inability to

bring suit and his petition should be dismissed.

B ████████ ailed to Show There is an Imminent Risk Testimony Will be Lost

Rule 27 requires a particularized showing that the testimony sought to be

perpetuated must be taken before the anticipated action is brought. *Checkosky*, 142

F.R.D. at 7-8; *see also In re MacCormack*, No. 00-MC-203, 2000 WL 526313, at *1 (D. Kan.

Apr. 19, 2000) (dismissing a petition that failed to show testimony related to material

facts would be unavailable after the complaint was filed); *Kunimoto v. Lehman*, No.

96MS232, 1996 WL 622094, at *3 (D.D.C. Oct. 16, 1996) (finding petition must show

particularized reason why deposition is needed to prevent loss of testimony).

███████ failed to assert that the testimony he seeks will be lost before the anticipated suit can be brought. ███████ does not contend that the proposed deponent is aging, ill or would otherwise be unavailable to testify at a later time. His petition is devoid of any facts justifying the immediate and extraordinary relief that ███████ seeks. Therefore ███████ etition should be dismissed.

### C. ███████ Failed to Show the Testimony is Important and Should be Preserved

Because Rule 27 abrogates the traditional discovery process, the petitioner must show that the testimony sought is essential or unique. *See Penn Mutual*, 68 F.3d at 1376. If the testimony may be obtained from other witnesses, or if the information sought is general in nature, Rule 27 relief is not available. *See Checkosky*, 68 F.3d at 8; *United States v. Van Rossem*, 180 F.R.D. 245, 247 (W.D.N.Y. 1998).

███████ akes no allegations that the testimony he seeks is essential or unique. Instead, the testimony he requests is simply a dollar amount of a reward he believes the Service approved. If the Service had approved a reward, there is no basis for the contention that the proposed deponent is the *only* Service employee who would be capable of providing the dollar amount of the reward. Therefor ███████ betition should be dismissed.

### D. ███████ Improperly Attempts to Use a Rule 27 Petition to Obtain Discovery

Rule 27 petitions cannot be used as substitutes for discovery. *Penn Mutual*, 68 F.3d at 1376; *see also In re Kunimoto*, Civ. A. No. 96MS232, 1996 WL 622094, at *3 (D.D.C. Oct. 16, 1996) (dismissing petition that improperly sought discovery); *Van Rossem*, 180

F.R.D. at 247 (rejecting motion under Rule 27(b) that sought interrogatories and requests for production). In addition, discovery is generally unavailable in FOIA actions. *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003); *see also Judicial Watch, Inc. v. Export-Import Bank*, 108 F. Supp.2d 19, 25 (D.D.C. 2000). When discovery is allowed in FOIA suits, courts limit the scope of discovery to the adequacy of the agency's search. *Banguora v. Dep't of the Army*, No. 05-0311, 2006 WL 3734164, at *6 (D.D.C. Dec. 8, 2006); *Judicial Watch*, 108 F.Supp.2d at 230.

Instead of seeking to preserve essential testimony █████████ attempts to use a Rule 27 petition to obtain discovery to which he would not be entitled under FOIA. The petition and proposed order seek for the Court to compel the Service to produce a document. Rule 27 cannot be used to compel the production of documents. To the extent █████████ seeks testimony, he only seeks testimony related the contents of the document, which would not be permissible under FOIA. Because █████████ tempts to misuse Rule 27 and to circumvent the discovery limitations under FOIA, his petition should be dismissed.

## II. █████████ Failure to Serve the Petition Requires Dismissal

Rule 27 requires the petitioner to serve each "expected adverse party" with a copy of the petition and a notice of hearing in accordance with Fed. R. Civ. P. 4. *See* Fed. R. Civ. P. 27(a)(2). The service requirements set forth in Rules 4 and 27 important mechanisms that ensure the Government and its officers receive fair notice of the claims against them and a full opportunity to respond. *See Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987) (observing that service requirements relieve a substantial burden on the

government and its officers while only minimally burdening the plaintiff). Failure to complete service in accordance with the rules warrants dismissal. *Light*, 816 F.2d at 750-51.

███████xed a copy of an unsigned petition to the Internal Revenue Service. He then mailed, through regular mail, a copy of a signed petition to the United States Attorney for the District of Columbia and the United States Attorney General. Facsimile and regular mail are not acceptable methods of service. *See* Fed. R. Civ. P. 4(i). ███████ also did not serve the required hearing notice on the Government. *See* Fed. R. Civ. P. 27(a)(2). Therefore ███████ petition should be dismissed for lack of proper service.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court dismiss the petition for failure to state a claim upon which relief can be granted. Alternatively, the petition should be dismissed for failure to effect proper service.

Dated: June 17, 2010

Respectfully submitted,

RONALD C. MACHEN
United States Attorney

JOHN A. DiCICCO
Acting Assistant Attorney General

KATHERINE M. WALKER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 307-6528
Facsimile: (202) 514-6866
Email: Katherine.M.Walker@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the matter of:      )
                      )

    ██████████     ) Misc. Case No. 1:10-mc-00038 (RCL)
                      )
Petitioner, Pro Se     ) UNDER SEAL
                      )

## MEMORANDUM

1. As Petitioner, I wish to notify the Court that I understand that this case is still open, and I see from my Pacer Query ID that this case continues to be under seal.

2. I have received service in the past from the USDOJ Tax Division, Eastern Region, and have had brief correspondence with them. However, as to Orders that have been issued to me by the Court, I have not communicated with them about this, nor with anyone else.

3. I have sent letters as to this matter to Mary Patrice Brown, Office of Professional Responsibility. This office gave me leave to do this directly by fax. This is because my mail between ██████ and the United States has been repeatedly tampered with by entity or entities unknown, possibly foreign entities.

4. I attach as Exhibits copies of three such letters as follows:

# RECEIVED

### JUL 2 7 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Exhibit 1.  Faxed letter of June 14, 2010.

Exhibit 2.  Faxed letter of June 23, 2010.

Exhibit 3.  Faxed letter of June 29, 2010.


5. From Exhibits 1 and 3, I excerpt the following for

emphasis:

" ... according to the Local Rules of the Court, there very
likely is an ongoing Grand Jury investigation, I would
believe as to collusion between the IRS Chief Counsel's
Office and the JPMorgan Chase Bank."


6. From Exhibit 3, as to the background for this case, I

excerpt the following for emphasis:

"As long ago as 1995, I supplied information to the Internal
Revenue Service as to large numbers of errant Forms 1099-INT,
Composite Copies B, from First Illinois Bank of Evanston (and
many other Chicago suburb offices) over a number of years.
This bank was then succeeded by Bank One, and then JPMorgan
Chase Bank.  By the year 2000, the matter was finalized."


7. From Exhibit 2, as to the favorable Form 11369, I excerpt

the following for emphasis:

"In fact, in the past, the existence of this favorable record
was confirmed to me by two Internal Revenue Service officials,
as I clearly indicate in my original Petition before the Court
dated December 28, 2009:"


8. I note once more that the IRS Chief Counsel's Office and

Whistleblower Office repeatedly refer only to the Form 211

that I was asked to file in 2004, and they engage in serious

misconduct by repeatedly concealing the Form 211 that I was

asked to file in 1995 by a Group Manager with the IRS

Criminal Investigation Division.

- 3 -

9. The only service that I have performed is in relation to my original Petition of December 28, 2009, as provided for by Rule 27 of the Federal Rules of Civil Procedure.

Date: _July 13, 2010_



Petitioner

Pro Se



June 14, 2010

Mary Patrice Brown
Office of Professional Responsibility
U.S. Department of Justice
Suite 3266
950 Pennsylvania Avenue, NW
Washington, DC 20530

Re: 1:10-mc-00038 (RCL) Under Seal

Dear Ms. Brown:

I filed the above case at the very beginning of the year 2010
with the United States District Court for the District of
Columbia. Briefly, under Rule 27 of the Federal Rules of
Civil Procedure, I sought to perpetuate a certain document
under seal with the Clerk of the Court. I would then have a
forthcoming opportunity to file an actual FOIA civil action.
The actual disclosure could only occur if the Court then
ordered the document unsealed.

Strangely, on April 22, 2010, the Tax Division, Eastern Region
then moved the Court to unseal the above case, and provided me
with mailed service. Otherwise, according to the Local Rules
of the Court, there very likely is an ongoing Grand Jury
criminal investigation, I would believe as to collusion
between the IRS Chief Counsel's Office and the JPMorgan Chase
Bank.

It would seem that William J. Wilkins, IRS Chief Counsel,
ordered David A. Hubbert, Chief of the Eastern Region to do
this, and I would hope that Mr. Hubbert then reported this to
your office at that time.

This situation might remind one of a time when Abraham
Lincoln, appearing before the State Legislature, Springfield,
Illinois, stated:

"A house divided against itself cannot stand."

Sincerely,

EXHIBIT 1



June 23, 2010

Mary Patrice Brown
Office of Professional Responsibility
U.S. Department of Justice
Suite 3266
950 Pennsylvania Avenue, NW
Washington, DC 20530

Re: 1:10-mc-00038 (RCL) Under Seal

Dear Ms. Brown:

   This faxed letter is a follow-up to my previous eventually
faxed letter dated June 14, 2010. Today, by ordinary airmail,
I received service once more from the Tax Division, Eastern
Region, U.S. Department of Justice. The service was of a copy
of a Motion, dated June 17, 2010, filed as to the above case.
The title of the Motion is:

UNITED STATES MOTION TO DISMISS
THE PETITION TO PERPETUATE TESTIMONY

The Motion is signed by:

KATHERINE M. WALKER
Trial Attorney

The Motion is signed on behalf of:

RONALD C, MACHEN
United States Attorney

and

JOHN A. DICICCO
Acting Assistant Attorney General

Nowhere in this Motion is reference made as to the possible
non-existence of the proposed FOIA record, namely, Form 11369,
Evaluation of Reward Payment. My understanding is that this
record is kept under the most extraordinary security by IRS
Criminal Investigation authorities. In fact, in the past, the
existence of this favorable record was confirmed to me by two
Internal Revenue Service officials, as I clearly indicate in
my original Petition before the Court dated December 28, 2009:

          EXHIBIT  2

Mrs. Symeria Rascoe
Tax Law Specialist
Internal Revenue Service
Lanham, MD 20706
(202) 283-1931

Ms. Marsha Matthews-Proctor
Criminal Investigation, FOIA Officer
Internal Revenue Service
Washington, DC 20224
(202) 622-8931

Sincerely,

EXHIBIT 2 (CONT.)



June 29, 2010

Mary Patrice Brown
Office of Professional Responsibility
U.S. Department of Justice
Suite 3266
950 Pennsylvania Avenue, NW
Washington, DC 20530

Re: 1:10-mc-00038 (RCL) Under Seal

Dear Ms. Brown:

On the enclosed ~~two~~ *ONE* pages, I am sending a copy of an e-mail
letter that I had sent:

on June 14, 2010 to Raymond N. Hulser, 950 Pennsylvania
Avenue, NW

and

on June 18, 2010 to Steve Durham, 555 Fourth Street, NW.

   I would hope that both of these officials are aware of the
court filings as to the above case that have improperly
emanated from time to time from the Tax Division, Eastern
Region.

   Thus, their focus would be directed against the apparent
instigator of such filings, namely, the Chief Counsel's Office
of the Internal Revenue Service.

                              Sincerely,



EXHIBIT  3

...

Re: 1:10-mc-00038 (RCL) Under Seal

...

I filed the above case at the very beginning of the year 2010
with the United States District Court for the District of
Columbia. Briefly, under Rule 27 of the Federal Rules of
Civil Procedure, I sought by Petition to perpetuate a certain
(reproduced) document under seal with the Clerk of the Court.
I would then have a forthcoming opportunity to file an actual
FOIA civil action. The actual disclosure could only occur if
the Court then ordered the document unsealed. Meanwhile,
according to the Local Rules of the Court, there very likely
is an ongoing Grand Jury criminal investigation, I would
believe as to collusion between the IRS Chief Counsel's Office
and the JPMorgan Chase Bank.

Next, the background to this case is as follows:

As long ago as 1995, I supplied information to the Internal
Revenue Service as to large numbers of errant Forms 1099-INT,
Composite Copies B, from First Illinois Bank of Evanston (and
many other Chicago suburb offices) over a number of years.
This bank was then succeeded by Bank One, and then JPMorgan
Chase Bank. By the year 2000, the matter was finalized. The
Code and Regulations were such at that time that two Divisions
within the Internal Revenue Service were involved:

The Criminal Investigation Division
The Compliance Division

After my reward was conclusively approved under the greatest
secrecy by the Criminal Investigation Division, the Compliance
Division was required to make the payment as promptly as
possible. However, this never happened due to serious
misconduct by an official or officials unknown within the
Internal Revenue Service.

My understanding is that the document in question, Form 11369,
Evaluation of Reward Payment, is always kept under the most
extraordinary security by the IRS Criminal Investigation
authorities.

Thus, the cause of justice would seem to require, considering
my financial hardship, and 76 years of age, that this payment,
years overdue, be made promptly, as required by law, and
preferably by Direct Deposit. For this purpose, I have a
checking account in United States dollars at the Everbank,
Long Island, New York. The details are: (REDACTED)

EXHIBIT 3 (CONT.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In the matter of:            )
                             )
████████████████             ) Misc. Case No. 1:10-mc-00038 (RCL)
                             )
Petitioner, Pro Se           ) UNDER SEAL
                             )

MOTION
FOR ORAL HEARING

1. At this time, since this case is still open, Petitioner now moves, under LCvR 7(f), that leave be granted for an oral hearing, under the circumstances, by overseas telephone. At an appropriate date and time, Washington, DC time, I could telephone Chambers, as indicated beforehand by the Court. ██████ is seven hours ahead of Washington, DC.

2. As indicated in previous filings, Petitioner surmises that a Grand Jury criminal investigation is underway, and an improper blocking of an IRS reward payment may be among the subject matters.

3. Petitioner also recounts, as indicated in previous filings, that two separate IRS officials have confirmed this reward situation.

4. Thus, at this time, Petitioner would like to attempt once more to locate counsel, and I am otherwise unsure as

RECEIVED

AUG 09 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

to what extent I can discuss this matter, even with counsel.

5. Petitioner also believes that, under these circumstances, the Department of Justice may have certain funds to satisfy this payment requirement, subject to reimbursement at a later date from the Treasury Department, and I also understand that the Court supervises this entire Grand Jury situation, so that justice is served.

Date  Aug. 3, 2010



Petitioner, Pro Se

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
                              )
In re                         )
                              )
                              )
                              )
                              )     Misc. No. 10-38 (RCL)
                              )     UNDER SEAL
                              )
                              )
```

## ORDER

Upon consideration of petitioner ████████████ otion,

under LCvR 7(f), for an oral hearing, it is hereby

ORDERED that petitioner's motion is GRANTED.

Petitioner may contact Chambers by telephone, and make

appropriate arrangements for a date and time.

The Clerk of the Court is directed to provide the petitioner

████████████ ith a copy of this order.


SO ORDERED.


_____          _____

Chief Judge                       Date
United States District Court
District of Columbia