'FILED

FEB 25 2011

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In the matter of:               )
                                )
JAMES A. ANDREWS                ) Misc. Case No. 1:10-mc-00038 (RCL)
                                )
Petitioner, Pro Se              ) UNSEALED
                                )

## MEMORANDUM

### A. INTRODUCTION

1. Since this case continues to be open, I, Petitioner, continue to
believe in the ongoing importance of protecting the relevant Form 11369
record from being purged from the government files.

2. In a previous filing, Respondent filed a motion that was granted that
my name as Petitioner be redacted for my protection.  However, I
completely waive my confidentiality.  Indeed, this is already in the
public record with regard to a previous Pro Se FOIA civil action that
I had filed, 1:02-cv-00973 (TPJ).

3. This previous case, James A. Andrews v. Internal Revenue Service, was
a Section 6103 case, and under Section 6103(e)(1)(D)(vi), I was entitled
to request, in effect, whatever IRS record indicated a penalty assessment
against a First Illinois Corporation, Evanston, Illinois with regard to
a very large number of Forms 1099-INT that had erroneously been prepared
for a number of years due to gross negligence.

RECEIVED

FEB 25 2011

Clerk, U S. District & Bankruptcy
Courts for the District of Columbia

RECEIVED
Mail Room

FEB 24 2011

Angela D. Caesar, Clerk of Court
US District Court

B. EVIDENCE OF COLLUSION BETWEEN CERTAIN IRS OFFICIALS AND JPMORGAN CHASE BANK, THEREBY REQUIRING PROTECTION OF THE RELEVANT FORM 11369 RECORD FROM DESTRUCTION.

1. On March 2, 1992, First Illinois Corporation was merged into an Illinois Banc One Corporation, and there were later mergers with Bank One Corporation, First National Bank of Chicago, and then JPMorgan Chase Bank. Exhibit 1 shows the March 2, 1992 information from the Division of Corporations, State of Delaware.

2. When such corporate mergers take place, an effort is usually made to avoid recognition of gain or loss for tax purposes, and this can be done if the merger is full and complete. Thus, from the Code of Federal Regulations, (CFR), Title 26, as an IRS example, one finds under Section 1.332-2(e):

"On September 1, 1954, the M Corporation had outstanding capital stock consisting of 3,000 shares of common stock, par value $100 a share, and 1,000 shares of preferred stock, par value $100 a share, which preferred stock was limited and preferred as to dividends and had no voting rights. On that date, and thereafter until the date of DISSOLUTION (emphasis) of the M Corporation, the O Corporation owned 2,500 shares of common stock of the M Corporation. By statutory merger consummated on October 1, 1954, pursuant to a plan of liquidation adopted on September 1, 1954, the M Corporation was merged into the O Corporation, the O Corporation under the plan issuing stock which was received by the other holders of the stock of the M Corporation. The receipt by the O Corporation of the properties of the M Corporation is a distribution received by the O Corporation in complete liquidation of the M Corporation within the meaning of section 332, and no gain or loss is recognized as the result of the receipt of such properties."

3. In spite of this language, certain officials within the Internal Revenue Service instructed the Tax Division, Eastern Region, of the U.S.

Department of Justice to allege that a dissolution of First Illinois Corporation had not taken place. It seems that this was the only attempted defense that they had available.

4. Even worse, these IRS officials then contacted an Attorney Charles F. Andrews of Bank One to assist them with this defense, although Bank One, as successor, had been the previous target of the IRS Criminal Investigation Division for the deficiency assessment.

5. These IRS officials then instructed the Tax Division, Eastern Region, U.S. Department of Justice to file the following Affidavit with the Court from Attorney Charles F. Andrews, Exhibit 2. In Item 7., Attorney Charles F. Andrews deposes: "First Illinois was not dissolved."

6. Via the Internet, I have performed some research as to the otherwise distinguished credentials of Attorney Charles F. Andrews, attached as Exhibit 3.

7. It appears that the Tax Division of the U.S. Department of Justice should be authorized and empowered to warn the Chief Counsel's Office of the Internal Revenue Service not to attempt to file false statements before the United States District Court.

Date _JAN. 31, 2011_   Signed _James A. Andrews_

James A. Andrews, Petitioner Pro Se

*JAMES A. ANDREWS, PETITIONER*    *1:10-MC-00038 (RCL)*

Frequently Asked Questions    View Search Results    Summary of Charges    Logout

## Entity Details

| File Number: | 0787091 | Incorporation Date / Formation Date: | 12/04/1972 (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | FIRST ILLINOIS CORPORATION | | |
| Entity Kind: | CORPORATION | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |
| Status: | MERGED | Status Date: | 03/02/1992 |

### TAX INFORMATION

| Last Annual Report Filed: | 1992 | Tax Due: | $ 0.00 |
|---|---|---|---|
| Annual Tax Assessment: | $ 0.00 | Total Authorized Shares: | 50,200,000 |

### REGISTERED AGENT INFORMATION

| | | | |
|---|---|---|---|
| Name: | THE CORPORATION TRUST COMPANY | | |
| Address: | CORPORATION TRUST CENTER 1209 ORANGE STREET | | |
| City: | WILMINGTON | County: | NEW CASTLE |
| State: | DE | Postal Code: | 19801 |
| Phone: | (302)658-7581 | | |

### FILING HISTORY (Last 5 Filings)

| Seq | Document Code | Description | No. of pages | Filing Date (mm/dd/yyyy) | Filing Time | Effective Date (mm/dd/yyyy) |
|---|---|---|---|---|---|---|
| | | | | | | |

Back to Entity Search

click here

*EXHIBIT 1*

JAMES A ANDREWS, PETITIONER   1:10-MC-00038 (RCL)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DISTRICT OF COLUMBIA

JAMES A. ANDREWS,                    )
                                     )
         Plaintiff,                )
                                     )
   v.                               )          Civil No. 1:02-00973
                                     )
INTERNAL REVENUE SERVICE,            )
                                     )
         Defendant.                )

### DECLARATION OF CHARLES F. ANDREWS

I, Charles F. Andrews, declare and depose as follows:

1.     I am an attorney for Banc One Management Corporation in Columbus, Ohio, and provide legal services to Banc One Management Corporation and its affiliates, including Bank One Corporation.

2.     Bank One Corporation ("Bank One") is a Delaware corporation and a registered bank holding company with its principal office in Chicago, Illinois. Bank One is the parent of Banc One Management Corporation.

3.     Bank One is also the successor company, by merger, of Banc One Corporation ("Banc One") and First Chicago NBD Corporation. This merger occurred on October 2, 1998.

4.     During 1991 and 1992, I was an attorney for Banc One, and I provided legal services to Banc One with respect to its acquisition of other bank holding companies, banks, and related entities.



EXHIBIT 2

5.     I provided legal services to Banc One as part of its acquisition of First

Illinois Corporation ("First Illinois"), a Delaware corporation and registered bank

holding company with its principal place of business in Evanston, Illinois.  I am

familiar with the facts and circumstances of the acquisition.

6.     The acquisition involved the following steps:

a.     In 1991, Banc One organized Illinois Banc One Corporation ("IBOC") as

an Illinois corporation and wholly-owned subsidiary of Banc One for the

purpose of acquiring First Illinois.

b.     First Illinois, IBOC, and Banc One executed an Agreement and Plan of

Merger dated June 1, 1991 ("the Merger Agreement"), providing for the

merger of First Illinois with and into IBOC.

c.     On March 2, 1992, First Illinois merged with and into IBOC ("the Merger")

after filing Articles of Merger with the Secretary of State of the State of

Illinois and a Certificate of Merger with the Office of the Secretary of State

of the State of Delaware.  The Merger was conducted under the terms of

the Merger Agreement and in accordance with applicable provisions of

the Illinois Business Corporation Act of 1983, as amended, and the

General Corporation Law of the State of Delaware.

7.     First Illinois was not dissolved.

8.     As a result of the Merger, IBOC possessed all the rights, privileges,

immunities, and franchises that IBOC and First Illinois held immediately before the

- 2 -

EXHIBIT  2  (CONT.)

Merger. All property, debts, and other interests of, belonging to, or due to IBOC and First Illinois were deemed to be transferred to and vested in IBOC. IBOC, as the surviving corporation, became responsible and liable for all the liabilities and obligations of IBOC and First Illinois that existed immediately before the effective time of the Merger.

I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed September ___9___ , 2002.

Charles F. Andrews
Bank One
1111 Polaris Parkway
Columbus, OH 43271-0152

- ? -

EXHIBIT 2 (CONT.)

JAMES A. ANDREWS, PETITIONER,      1:10 - MC - 00038 (RCL)

Charles F. Andrews (no relation) was a leading attorney when Banc One Corporation and First Chicago NBD Corporation were both merged into Bank One Corporation, a totally, newly created company, in 1998, creating at that time one of the largest banks in the United States. SEC Form S-4, filed for this purpose as of July 31, 1998, seems difficult to locate, but under Google, by entering in quotes "Charles F. Andrews Esq." it is the third of only three listings. In this filing, his title is:

> CHARLES F. ANDREWS, ESQ.
> BANC ONE CORPORATION
> DEPARTMENT OH1-0158
> 100 EAST BROAD STREET
> COLUMBUS, OH 43271-0158
> TELEPHONE: (614) 248-6035

along with:

> SHERMAN I. GOLDBERG, ESQ.
> FIRST CHICAGO NBD CORPORATION
> ONE FIRST NATIONAL PLAZA
> CHICAGO, IL 60670
> TELEPHONE: (312) 732-3551

This was a very long, extensive filing, and Opinions are contained, offered by Merrill Lynch, Morgan Stanley, and Goldman Sachs. Even beyond a quite long Table of Contents, one eventually finds a relevant paragraph by then locating and working through:

EXHIBIT 3.1
FORM OF CERTIFICATE OF INCORPORATION
OF BANK ONE CORPORATION

. .

FOURTH

. .

PART II - COMMON STOCK

(c) In the event of ...

Here, the language is such that if the newly created Bank One Corporation is itself later on liquidated, dissolved, or subject to winding up, the Common shareholders will receive their appropriate distributions in due course, after the Preferred

EXHIBIT 3

shareholders are satisfied. But then, the last sentence in this paragraph also deals with the possibility that this new company itself might also be a party later on to further merger activities (i.e., JPMorgan).

Sure enough, we then see that attorneys such as Charles F. Andrews, Esq. duly consider the possibility that some dissident shareholders might want to extract for themselves at that moment a distribution, rather than all of the assets remaining within the concerned entities. So, the last sentence then reads:

"The merger or consolidation of the corporation into or with any other corporation, or the merger of any other corporation into it, or any purchase or redemption of shares of stock of the corporation of any class, shall not be deemed to be a dissolution, liquidation, or winding up of the corporation for the purposes of this paragraph."

Otherwise, as a non-survivor, as a general rule, it would, as in the case of First Illinois Corporation merged into Bank One (at that time, Banc One of Illinois).

EXHIBIT 3 (CONT.)